SHAN RUI XUE; Xiu Jiang Chen, Petitioners,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–76433.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

Allan A. Samson, Esq., San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Blair T. O'Connor, Esq., Aviva L. Poczter, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Shan Rui Xue and his wife, Xiu Jiang Chen, natives and citizens of China, petition for review of the Board of Immigration Appeals' order affirming without opinion an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies going to the heart of the petitioners' asylum claim. *See id.* For example, Xue's testimony was inconsistent with record evidence as to whether he was personally threatened with sterilization. Further, the petitioners' testimony was internally inconsistent about their alleged escape from the Chinese authorities. In addition, the IJ offered specific and cogent reasons for the adverse credibility determination based on a demeanor finding. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1151 (9th Cir.1999). Accordingly, the petitioners failed to demonstrate eligibility for asylum and withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir.2003).

Because the petitioners' CAT claim is based on the same testimony that the agency found not credible, and they point to no other evidence the agency should have considered, their CAT claim also fails. *See id.* at 1157.

The petitioners' unopposed motion to add Chen as a party to this petition is granted. The Clerk shall amend the docket accordingly.

**PETITION FOR REVIEW DENIED.**